**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOYCE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09-cv-02188-PMP-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WESTERN UNITED INSURANCE COMPANY, | ) | (Mot. Compel - Dkt. #25) |
| | ) | |
| Defendant. | ) | |

The court conducted a hearing on November 16, 2010, on Defendant's Motion to Compel (Dkt. #25). Craig Drummond appeared on behalf of the Plaintiff, and Ellen Van Dyke and Christina Schwab appeared on behalf of the Defendant.

The motion seeks an order compelling the Plaintiff to respond to Defendant's Requests for Production of Documents and Interrogatories served January 21, 2010. Counsel for Defendant acknowledges that the Plaintiff has had significant health issues and is sympathetic to her plight, but can no longer delay receiving discovery responses given the court's Discovery Plan and Scheduling Order deadlines. Plaintiff opposes the motion to compel asserting the Defendant has served two separate sets of Interrogatories consisting of fifty-three separate interrogatories on the Plaintiff which exceeds the twenty-five written interrogatories allowed by Fed.R.Civ.P. 33(a). Additionally, Plaintiff has undergone chemotherapy and is currently undergoing additional chemotherapy treatment out of state. Her medical condition and treatment has interfered with her ability to respond to the discovery. During oral argument, counsel for Plaintiff indicated that he believes his client will complete her treatment out of state and return to Nevada sometime next week.

Counsel for Plaintiff has agreed to provide Defendant with medical authorization releases to obtain Plaintiff's medical records. Counsel for Plaintiff has served the Defendant with Rule 26(a)

disclosures and supplemented those disclosures to identify all of her treatment providers who are involved in the injuries asserted in this lawsuit. However, the parties have a dispute concerning an appropriate temporal limitation of the medical authorization releases. Plaintiff seeks a five-year temporal limitation of records Defendant may obtain. Defendant seeks a ten-year limitation. Having considered the parties' arguments and articulated rationale for their respective positions, the Court will impose a six-year temporal limitation on the scope of the medical authorization release. The Court will also require counsel for Plaintiff to fill in the medical authorization releases with the names of the treatment providers identified in Plaintiff's Rule 26(a) disclosures, inserting the temporal limitation the court has imposed.

Having reviewed and considered the matter,

**IT IS ORDERED** Defendant's Motion to Compel is **GRANTED in part** and **DENIED in part**.

1. The motion is **GRANTED** to the extent that Plaintiff shall have until December 16, 2010, in which to provide Defendant with executed medical authorization releases, but shall exercise his best good faith efforts to serve them sooner. Counsel for Plaintiff shall be responsible for filling in the blank forms to insert the relevant information for each medical provider identified in Plaintiff's initial disclosures.

2. Counsel for the parties shall meet and confer to limit the number of interrogatories, for which the Defendant is seeking responses, to the twenty-five permitted by Rule 33. Plaintiff shall have 14 days from Defendant's identification of the 25 interrogatories for which it seeks a response in which to serve full and complete answers.

3. Defendant's Motion to Compel is **DENIED** to the extent Defendant seeks Plaintiff to respond to more than twenty-five interrogatories, and with respect to its request for sanctions. The court finds that, under the circumstances, an award of expenses would be unjust.

Dated this 19th day of November, 2010.

_____
Peggy A. Leen
United States Magistrate Judge